**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| G&G Closed Circuit Events LLC, | No. CV-21-00347-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Saraj Gem Ray, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff G&G Closed Circuit Events LLC's ("G&G") motion for $3,120 in attorneys' fees and $650 in non-taxable costs. (Doc. 28.) For the following reasons, the motion is granted.

## BACKGROUND

On March 1, 2021, G&G initiated this action by filing the complaint. (Doc. 1.) The complaint alleges that G&G held the exclusive nationwide commercial distribution rights to the February 29, 2020 boxing match between Mikey Garcia and Jessie Vargas ("the Program") and that Defendant Saraj Gem Ray ("Ray") unlawfully intercepted the Program and displayed it at his Scottsdale restaurant, Three Wise Men, which is owned and operated by Defendant Cactus Hospitality Group LLC ("CHG"). (*Id.*)

On May 27, 2021, G&G filed proof of service as to Ray. (Doc. 10.)

On October 13, 2021, G&G filed proof of service as to CHG. (Doc. 14.)

On October 15, 2021, the Clerk entered a default as to Ray. (Doc. 17.)

On October 21, 2021, the Clerk entered a default as to CHG. (Doc. 22.)

On January 20, 2022, G&G moved for default judgment, seeking an award of statutory damages of $25,760. (Docs. 23, 24.) Neither Ray nor CHG responded.

On March 21, 2022, the Court granted G&G's motion in part, concluding that G&G was entitled to default judgment but its request for $25,760 in statutory damages was excessive because (1) the requested amount was "about nine times the cost of the stolen material," (2) several other Arizona courts had rejected G&G's requests for similar awards in similar cases, and (3) "G&G has retained the right to file a post-judgment motion for attorneys' fees, which, if granted, will have a further deterrent and compensatory effect." (Doc. 25 at 5-7.) Thus, the Court held that "a statutory damage award of $8,500 is best calibrated to deter but not destroy." (*Id.*)

On April 1, 2022, G&G filed the pending motion for attorneys' fees and non-taxable costs. (Doc. 28.) Neither Ray nor CHG responded.

## DISCUSSION

Because G&G prevailed on its underlying claim under 47 U.S.C. § 605(a), it is entitled to "the recovery of full costs, including . . . reasonable attorneys' fees." 47 U.S.C. § 605(e)(3)(B)(iii).

In *G&G Closed Circuit Events LLC v. Williams*, 2020 WL 4464387 (D. Ariz. 2020), a case in which G&G also obtained an $8,500 default judgment against a Phoenix-area restaurant that unlawfully intercepted a boxing program, G&G submitted a post-judgment request for $4,916 in attorneys' fees and $650 in non-taxable costs. The Court concluded that the fee request was generally reasonable, although it needed to be slightly reduced to account for excessive time entries related to preparing counsel's *pro hac vice* application and the fee application, and that the request for $650 in non-taxable costs (consisting of the cost to hire an investigator) was permissible and adequately supported. Thus, the Court approved an award of $4,206 in attorneys' fees and $650 in non-taxable costs.

Here, G&G's $3,120 fee request is much lower than the fee award in *Williams* and the $650 request for non-taxable costs is essentially identical to the request that was approved in *Williams*. This suggests the requests here are reasonable. At any rate, the

Court has independently reviewed the time entries and hourly rates in this case and concludes they are reasonable. Additionally, G&G has adequately supported its claim for $650 in investigative expenses.

Accordingly,

**IT IS ORDERED** that G&G's motion for attorneys' fees and non-taxable costs (Doc. 28) is **granted**. G&G is awarded a total of **$3,770**, consisting of $3,120 in attorneys' fees and $650 in non-taxable costs. The award is against Defendants Saraj Gem Ray ("Ray") and Cactus Hospitality Group LLC ("CHG"), jointly and severally.

Dated this 29th day of June, 2022.

Dominic W. Lanza
United States District Judge